CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

MAR 21 2012

JULIA C. DUDLEY, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

**UNITED STATES OF AMERICA** :
:
**v.** : **Case No.** 2:12CR00007
:
**ANTONIO JOHNSON**

**PLEA AGREEMENT**

I have agreed to enter into a plea agreement with the United States of America, pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms and conditions of this agreement are as follows:

**A.** CHARGE TO WHICH I AM PLEADING GUILTY AND WAIVER OF RIGHTS

1. **The Charge and Potential Punishment**

My attorney has informed me of the nature of the charge and the elements of the charge that must be proved by the United States beyond a reasonable doubt before I could be found guilty as charged.

I will enter a plea of guilty to Count One of the Indictment.

Count One charges me with willfully, deliberately, maliciously and with premeditation and malice aforethought, unlawfully killing Ernest Bennett (first degree murder) by stabbing him in violation of 18 U.S.C. § 1111(a). If the United States does not file a Notice pursuant to 18 U.S.C. §3593(a), the maximum statutory penalty is a fine of $250,000 and life imprisonment, plus a term of supervised release. There is a mandatory minimum sentence of life imprisonment.

I understand that a $100 special assessment, pursuant to 18 U.S.C. § 3013, will be imposed per felony count of conviction. I further understand my supervised release, if any, may be revoked if I violate its terms and conditions. I understand a violation of supervised release increases the possible period of incarceration.

***Defendant's Initials:*** A.J.

I am pleading guilty as described above because I am in fact guilty and because I believe it is in my best interest to do so and not because of any threats or promises. Except as set forth in paragraph A.3, there has been no promise made whatsoever by any agent or employee of the United States to me as to what the final disposition of this matter will be.

2. **Waiver of Constitutional Rights Upon a Plea of Guilty**

I acknowledge I have had all of my rights explained to me and I expressly recognize I have the following constitutional rights and, by voluntarily pleading guilty, I knowingly waive and give up these valuable constitutional rights:

a. The right to plead not guilty and persist in that plea;
b. The right to a speedy and public jury trial;
c. The right to assistance of counsel at that trial and in any subsequent appeal;
d. The right to remain silent at trial;
e. The right to testify at trial;
f. The right to confront and cross-examine witnesses called by the government;
g. The right to present evidence and witnesses in my own behalf;
h. The right to compulsory process of the court;
i. The right to compel the attendance of witnesses at trial;
j. The right to be presumed innocent;
k. The right to a unanimous guilty verdict; and
l. The right to appeal a guilty verdict.

3. **Agreement Not to Seek Death Penalty**

If I comply with my obligations under the plea agreement, the United States will not seek the death penalty as to the death eligible charge to which I plead guilty. IT IS EXPRESSLY AGREED AND UNDERSTOOD THAT THE DECISION TO SEEK OR NOT SEEK THE DEATH PENALTY IS SOLELY IN THE DISCRETION OF THE ATTORNEY GENERAL OF THE UNITED STATES AND THE AGREEMENT NOT TO SEEK THE DEATH PENALTY IS CONDITIONED UPON HIS WRITTEN APPROVAL. IF SUCH APPROVAL IS NOT GRANTED, THE UNITED STATES AND I AGREE THAT I MAY WITHDRAW MY AGREEMENT TO PLEAD GUILTY TO THE DEATH ELIGIBLE COUNT SET FORTH IN THE INDICTMENT AND PROCEED TO TRIAL ON SUCH COUNT.

***Defendant's Initials:*** A. J.

B. SENTENCING PROVISIONS

**1. General Matters**

I understand the determination of what sentence should be imposed, within the confines of any applicable statutory minimums and maximums, is in the sole discretion of the Court subject to its consideration of the United States Sentencing Guidelines ("guidelines" or "U.S.S.G") and the factors set forth at 18 U.S.C. § 3553(a). I understand, however, that the statutory minimum sentence is life imprisonment and that sentence must be imposed by the court in the absence of a motion for substantial assistance made by the United States. Nevertheless, I will have an opportunity to review a copy of my presentence report in advance of my sentencing hearing and may file objections, as appropriate. Subject to the limitations imposed by the statutory minimum and maximum sentences and the terms of this plea agreement, I will have an opportunity at my sentencing hearing to present evidence, bring witnesses, cross-examine any witnesses the government calls to testify.

I understand I will not be eligible for parole during any term of imprisonment imposed. I have discussed sentencing issues with my attorney and realize there is a substantial likelihood I will be incarcerated for the remainder of my life.

I understand the Court is not bound by any recommendation or stipulation and may sentence me up to the statutory maximum of life imprisonment. I understand I will not be allowed to withdraw my plea of guilty if the Court disregards the stipulations and/or recommendations set forth in the plea agreement.

**2. Sentencing Guidelines**

I understand guideline sections may be applicable to my case and the United States and I will be free to argue whether these sections should or should not apply; to the extent the arguments are not inconsistent with the stipulations, recommendations and terms set forth in this plea agreement. However, I understand that life imprisonment is the statutory minimum term and I will be sentenced to life regardless of the sentence recommended by the advisory sentencing guidelines.

Recognizing and agreeing that life is the mandatory minimum sentence that may be imposed, the United States agrees to recommend and I agree to accept a sentence of life imprisonment without the possibility of parole with respect to Count One.

***Defendant's Initials:*** A. J

I agree to accept responsibility for my conduct. If I comply with my obligations under this plea agreement and accept responsibility for my conduct, the United States will recommend the Court grant me a two-level reduction in my offense level, pursuant to U.S.S.G. § 3E1.1(a) and, if applicable, at sentencing, will move that I receive a one-level reduction in my offense level, pursuant to U.S.S.G. § 3E1.1(b). However, I stipulate that if I fail to accept responsibility for my conduct or fail to comply with any provision of this plea agreement, I should not receive credit for acceptance of responsibility.

**3. Substantial Assistance**

I have been told by the government that I will NOT be given an opportunity to reduce my sentence pursuant to Fed. R. Crim. P. 35(b), U.S.S.G. §5K1.1 and 18 U.S.C. § 3553(e) (substantial assistance). Fully understanding that I will spend the remainder of my natural life in prison, I nevertheless agree to plead guilty pursuant to this plea agreement.

C. **ADDITIONAL MATTERS**

**1. Waiver of Right to Appeal**

Knowing that I have a right of direct appeal of my sentence under 18 U.S.C. § 3742(a) and the grounds listed therein, I expressly waive the right to appeal my sentence on those grounds or on any ground. In addition, I hereby waive my right of appeal as to any and all other issues in this matter and agree I will not file a notice of appeal. I am knowingly and voluntarily waiving any right to appeal. By signing this agreement, I am explicitly and irrevocably directing my attorney not to file a notice of appeal. ***Notwithstanding any other language to the contrary, I am not waiving my right to appeal or to have my attorney file a notice of appeal, as to any issue which cannot be waived, by law.*** I understand the United States expressly reserves all of its rights to appeal. **I agree and understand if I file any court document (except for an appeal based on an issue that cannot be waived, by law, or a collateral attack based on ineffective assistance of counsel) seeking to disturb, in any way, any order imposed in my case such action shall constitute a failure to comply with a provision of this agreement.**

***Defendant's Initials:*** A. J


**2. Waiver of Right to Collaterally Attack**

I waive any right I may have to collaterally attack, in any future proceeding, any order issued in this matter, *unless such attack is based on ineffective assistance of counsel*, and agree I will not file any document which seeks to disturb any such order, unless such filing is based on ineffective assistance of counsel. **I agree and understand that if I file any court document (except for an appeal based on an issue that cannot be waived, by law; or a collateral attack based on ineffective assistance of counsel) seeking to disturb, in any way, any order imposed in my case, such action shall constitute a failure to comply with a provision of this agreement.**

**3. Information Access Waiver**

I knowingly and voluntarily agree to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §552a.

**4. Waiver of Witness Fee**

I agree to waive all rights, claims or interest in any witness fee I may be eligible to receive pursuant to 28 U.S.C. § 1821, for my appearance at any Grand Jury, witness conference or court proceeding.

**5. Abandonment of Seized Items**

By signing this plea agreement, I hereby abandon my interest in, and consent to the official use, destruction or other disposition of each item obtained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another provision of this plea agreement. I further waive any and all notice of any proceeding to implement the official use, destruction, abandonment, or other disposition of such items.

***Defendant's Initials:*** A. J

**6. Additional Obligations**

I agree not to commit any of the following acts:

- attempt to withdraw my guilty plea;
- deny I committed any crime to which I have pled guilty;
- make or adopt any arguments or objections to the presentence report that are inconsistent with this plea agreement;
- obstruct justice;
- fail to comply with any provision of this plea agreement;
- commit any other crime;
- make a false statement; or
- fail to enter my plea of guilty when scheduled to do so, unless a continuance is agreed to by the United States Attorney's Office and granted by the Court.

D. REMEDIES AVAILABLE TO THE UNITED STATES

I hereby stipulate and agree that the United States Attorney's office may, at its election, pursue any or all of the following remedies if I fail to comply with any provision of this agreement: (a) declare this plea agreement void; (b) refuse to dismiss any charges; (c) reinstate any dismissed charges; (d) file new charges; (e) refuse to abide by any provision, stipulations, and/or recommendations contained in this plea agreement; or (f) take any other action provided for under this agreement or by statute, regulation or court rule.

In addition, I agree if, for any reason, my conviction is set aside, or I fail to comply with any obligation under the plea agreement, the United States may file, by indictment or information, any charges against me which were filed and/or could have been filed concerning the matters involved in the instant investigation. I hereby waive my right under Federal Rule of Criminal Procedure 7 to be proceeded against by indictment and consent to the filing of an information against me concerning any such charges. I also hereby waive any statute of limitations defense as to any such charges.

The remedies set forth above are cumulative and not mutually exclusive. The United States' election of any of these remedies, other than declaring this plea agreement void, does not, in any way, terminate my obligation to comply with the terms of the plea agreement. The use of "if" in this section does not mean "if, and only if."

***Defendant's Initials:*** A. J

E. GENERAL PROVISIONS

**1. Limitation of Agreement**

This agreement only binds the United States Attorney's Office for the Western District of Virginia. It does not bind any state or local prosecutor, other United States Attorney's Office or other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, or the Internal Revenue Service of the United States Department of the Treasury. These individuals and agencies remain free to prosecute me for any offense(s) committed within their respective jurisdictions.

**2. Effect of My Signature**

I understand my signature on this agreement constitutes a binding offer by me to enter into this agreement. I understand the United States has not accepted my offer until it signs the agreement.

**3. Effective Representation**

I have discussed the terms of the foregoing plea agreement and all matters pertaining to the charges against me with my attorney and am fully satisfied with my attorney and my attorney's advice. At this time, I have no dissatisfaction or complaint with my attorney's representation. I agree to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint I may have with my attorney's representation.

**4. Completion of Prosecution**

I understand that except as provided for in this plea agreement, there will be no further prosecution of me in the Western District of Virginia for any matters about which the United States has specific knowledge gained from the investigation that gave rise to the charges contained in this Indictment.

**5. Final Matters**

I understand the Court is not bound by any recommendations or stipulations contained in this agreement and may sentence me up to the maximum provided by law.

***Defendant's Initials:*** A.J.

I understand a thorough presentence investigation will be conducted and sentencing recommendations independent of the United States Attorney's Office will be made by the presentence preparer, which the Court may adopt or take into consideration. I understand any calculation regarding the guidelines by the United States Attorney's Office or by my attorney is speculative and is not binding upon the Court, the Probation Office or the United States Attorney's Office. Notwithstanding the advisory guideline calculations, I understand that the statutory minimum is life imprisonment, and I shall be sentenced to life imprisonment by the court.

I understand the prosecution will be free to allocute or describe the nature of this offense and the evidence in this case and will, consistent with the terms of this plea agreement, recommend I receive a life sentence.

I understand the United States retains the right, notwithstanding any provision in this plea agreement, to inform the Probation Office and the Court of all relevant facts, to address the Court with respect to the nature and seriousness of the offense(s), to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report and to respond to any statements made to the Court by or on behalf of the defendant.

I willingly stipulate there is a sufficient factual basis to support each and every material factual allegation contained within the charging document(s) to which I am pleading guilty.

I understand this agreement does not apply to any crimes or charges not addressed in this agreement. I understand if I should testify falsely in this or in a related proceeding I may be prosecuted for perjury and statements I may have given authorities pursuant to this agreement may be used against me in such a proceeding.

I understand my attorney will be free to argue any mitigating factors on my behalf; to the extent they are not inconsistent with the terms of this agreement. I understand I will have an opportunity to personally address the Court prior to sentence being imposed.

This writing sets forth the entire understanding between the parties and constitutes the complete plea agreement between the United States Attorney for the Western District of Virginia and me, and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. This plea agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between the United States and me.

***Defendant's Initials:*** A. J

I have consulted with my attorney and fully understand all my rights. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it. I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for my plea of guilty. Being aware of all of the possible consequences of my plea, I have independently decided to enter this plea of my own free will, and am affirming that agreement on this date and by my signature below.

**Date:** 8-25-11

**Antonio Johnson, Defendant**

I have fully explained all rights available to my client with respect to the offenses listed in the pending charging document(s). I have carefully reviewed every part of this plea agreement with my client. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

If I will continue to represent my client regarding the United States' efforts to collect any monetary obligations, I will notify the United States Attorney's Office, ATTN: Financial Litigation Unit, P.O. Box 1709, Roanoke, Virginia 24008-1709, in writing, of the fact of my continued legal representation within 10 days of the entry of judgment in this case.

**Date:** 8/25/11

**Randy Cargill, Esq.**
**Counsel for Defendant**
**Virginia State Bar No.** 23811

**Date:** 8-25-11

**Kim Stevens, Esq.**
**Counsel for Defendant**
**North Carolina State Bar No.** 20156

**Date:** 9/1/11

**Anthony P. Giorno**
**Assistant United States Attorney**
**Virginia State Bar No. 15830**

***Defendant's Initials:*** A. J